### FOOTE v. PALMER.

#### Error—tender—bringing money into court—costs of former suit.

A tender before suit, and bringing money into court, bars the right to recover the amount tendered, or costs, though the plaintiff may take the money brought into court, and proceed for any amount beyond the tender, and if he recover more, get costs.

It makes no difference with such a tender that a suit was pending at the time it was first made, which has been since discontinued, and no tender was made for costs of that suit, which remain unpaid.

ERROR. Palmer sued Foote in the court below, in assumpsit for work, and money lent, &c. Pleas as to all but one dollar fifty cents, non assumpsit, and as to that, a tender before and tout temp pris. Replication that he did not tender. The cause was submitted to the court, upon an agreed case, as to the tender, as follows: The plaintiff, in January, 1832, brought suit for the same cause of action, the writ was *served;* afterwards, on the same day, the tender was made, *without costs,* and the plaintiff was non suited. The plaintiff then brought (this) the second suit, and on return of the writ, the defendant brought the one dollar fifty cents into court, and kept it good, until the cause was appealed to the Court of Common Pleas. He then brought it into that court, and there kept it good. No money was offered to the plaintiff after the first non suit, nor was any demand made. On this, the Court of Common Pleas found that the defendant did not assume, &c. except for one dollar fifty cents, and as to that, the defendant did not tender. The plaintiff had judgment with costs; to reverse which, this writ is brought.

*Williams* and *Boalt,* cited 3 *O. R.* 385, and insisted the tender was not good when made, and could not be made good afterwards, because the costs were not included.

WRIGHT, J. By our statute, a tender of the money due before suit brought, and bringing the money into court, bars the plaintiff's right to recover, and subjects him to a judgment for costs. It is not disputed here, but that the money due was tendered, and brought into court. The only question is, was the tender rendered of no avail, because not accompanied with the costs of the first suit? It is contended, that, inasmuch as the tender was not available in the suit pending, when it was brought, it is not so now, and *Hay* v. *Ousterhout,* 3 *O. R.* 384, is relied upon as so deciding. That case does not so decide; there was a tender after suit of the debt and costs, and so found, and it was held good. The facts here present the tender in two aspects. 1st. As to the debt; and, 2d. as to the costs. The debt was tendered while the first suit existed, and was kept good from thence to the trial and judgment in the Court of Common Pleas. If the plaintiff would have avoided the

[Bassett v. Baker.]

effect of the tender for *the debt*, because unaccompanied with the costs of the suit then pending, he should have prosecuted that suit, and not suffered it to go off on a non suit, and bring another. With these costs, we have now nothing to do. We cannot correct them with the tender of the debt, nor with the subsequent suit, so as to subject his debtor. The money was always ready for him on request, if he had chosen to take it, and was in court when he non suited himself; why did he not take it? ·He had no other demand. But that suit, in reference to the tender, is as if never brought. The court erred, therefore, in giving judgment for costs, and in finding that the defendant did not tender; and for this error, the judgment is reversed, with costs.